UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> BRUCE FORTIN, <br><br> Debtor | Chapter 13 <br> Case No. 17-40877-EDK |
| BRUCE FORTIN, <br><br> Plaintiff <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE, LLC, <br><br> Defendants | Adversary Proceeding <br> No. 18-4092 |

**MEMORANDUM OF DECISION**

In February 2007, Bruce Fortin – the debtor in the underlying bankruptcy case and plaintiff in this adversary proceeding (the "Debtor") – obtained a $165,000 mortgage loan to purchase real property located in Webster, Massachusetts (the "Property"). In connection with the loan, the Debtor signed a promissory note (the "Note") and granted a mortgage on the Property to secure the Note (the "Mortgage").[1]  Shortly thereafter, following the Debtor's default on the mortgage loan payments, he received a letter dated July 18, 2007 informing him

---

[1] Neither of the defendants in this adversary proceeding were the original lender. The assignments of the Note and Mortgage from the original lender and the validity of the subsequent foreclosure sale are contested. However, those particular disputes are not material to the discrete issue currently before the Court.

1

that the Note had been accelerated. Ultimately, on April 17, 2012, Nationstar Mortgage LLC ("Nationstar") conducted a foreclosure sale of the Property, purportedly selling the Property to Federal National Mortgage Association ("Fannie Mae"). Seeking possession of the Property, Fannie Mae filed a summary process action in the Worcester Housing Court, which was stayed when the Debtor commenced the underlying bankruptcy case by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code") on May 12, 2017.[2] Although relief from the automatic stay was granted so that the parties could continue that litigation, the Housing Court action was ultimately dismissed without prejudice. The Debtor chose not to continue litigation in the Housing Court; rather, he brought the underlying issues to this Court through an adversary complaint (the "Complaint") filed against Fannie Mae and Nationstar (the "Defendants") in August 2018.

Count I, through which the Debtor attacks the validity of various assignments of the Note and Mortgage and the foreclosure sale, is not currently before the Court. As to Count II, however, the Defendants have filed a motion seeking partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (made applicable to this proceeding by Fed. R. Bankr. P. 7012(b)).[3] In Count II of the Complaint, the Debtor seeks a "Declaration that the Mortgage is Obsolete, Void and Unenforceable." Complaint at 12. The Debtor maintains that since the relevant statute of limitations – Mass. Gen. Laws ("MGL") ch. 106, § 3-118(a) – now bars enforcement of the *Note*,[4] the Mortgage itself is also obsolete and unenforceable. In support of his conclusion that "[t]he acceleration of the maturity date of the Note accelerates the maturity date of the

---

[2] *See* 11 U.S.C. §§ 101 *et seq.*

[3] Unless otherwise noted, all references to "Rules" in this Memorandum are to the Federal Rules of Bankruptcy Procedure.

[4] Pursuant to MGL ch. 106, § 3-118(a), an action on a Note must be brought within 6 years of acceleration.

2

Mortgage," Complaint at 13 ¶ 85, the Debtor relies on *Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital, LLC*, 471 Mass. 248, 28 N.E.3d 416 (2015), for the proposition that the "relationship" between a note and mortgage is "so intimate that it makes absolute nonsense of the notion that a life-changing alteration of the note, such as one that occurs by acceleration, does not resonate with equal force in the mortgage." Response at 14. Under this theory, the maturity date of the Mortgage accelerated commensurate with the acceleration of the Note, and the Mortgage became obsolete and unenforceable under MGL ch. 260, § 33 (the "Obsolete Mortgage Statute") on July 18, 2012.[5]

The Defendants seek judgment as to Count II arguing that the Debtor's theory has been squarely rejected by the First Circuit Court of Appeals (the "First Circuit") in *Harry v. Countrywide Home Loans, Inc.*, 902 F.3d 16, 19 (1st Cir. 2018). Relying on *Harry*, the Defendants contend that the maturity date of the Mortgage was not accelerated with the Note, the stated maturity date of the Mortgage (March 1, 2037) stands, and the Mortgage will not be obsolete until March 1, 2042 at the earliest. Additionally, confident in the unequivocal state of the law, the Defendants further ask this Court to order the Debtor to show cause why he should not be sanctioned for failing to voluntarily dismiss Count II.

In response the Debtor says that the Defendants (as well as the First Circuit and several lower courts) have not yet considered other non-statutory theories as to why a mortgage should become unenforceable coextensive with the unenforceability of the underlying Note. The Debtor cries foul at the ability of a mortgage holder to enforce a mortgage where the underlying note has become unenforceable, as doing so allows "the Court . . . to create a *de facto* judicial extension

---

[5] The Obsolete Mortgage Statute provides that the holder of a mortgage cannot foreclose on the mortgage after 5 years following the maturity date unless the mortgagor has recorded an extension of the mortgage or an acknowledgment or affidavit that the mortgage has not been satisfied. The parties agree that no such extension or acknowledgment/affidavit has been recorded with respect to the Mortgage in this case. MGL ch. 260, § 33.

of a limitations period enacted by the State Legislature, or to sanction an outright repeal of the statute itself . . . ." Response at 19. This result, the Debtor maintains, violates "the doctrine of laches and the policy concerns that underlie the need for periods of limitation, whether in law or equity." Response at 18.

Despite the Debtor's creative attempts to create a specter of uncertainty in the law, binding precedent from the First Circuit and the Massachusetts Supreme Judicial Court (the "SJC") compel judgment in favor of the Defendants as to Count II. With regard to the Debtor's reference to the *Fitchburg* case in support of the theory that "a life-changing alteration of the note, such as one that occurs by acceleration" would effect an attendant acceleration of a mortgage, the First Circuit has unambiguously rejected that argument. *See Harry v. Countrywide Home Loans, Inc.*, 902 F.3d 16, 19 (1st Cir. 2018) ("There is no suggestion in either that statute, **or** . . . in *Deutsche Bank Nat. Tr. Co. v. Fitchburg Capital, LLC*, 471 Mass. 248, 28 N.E. 3d 416 (2015), that the acceleration of a note has any impact on the limitations period for a mortgagee's right to foreclose.").[6]

To the extent the Debtor's public policy and laches argument was not foreclosed by the First Circuit in *Harry*, this Court must predict how the SJC would rule. *In re Garran*, 338 F.3d 1, 6 (1st Cir. 2003). The Court need not gaze long into a crystal ball for the answer. The SJC has repeatedly held over the last 180 years that, at both law and equity, the inability to recover directly on a note due to the expiration of a statute of limitations is no bar to recovery under a mortgage, so long as the underlying debt remains unpaid. *See Pearson v. Mulloney*, 289 Mass. 508, 515, 194 N.E. 458 (1935) ("A valid mortgage may exist although personal liability on the

---

[6] *See also Duplessis v. U.S. Bank. Nat'l Ass'n.*, 2018 WL 4907526, *3 (D. Mass. Oct. 9, 2018); *Butler v. Deutsche Bank Nat'l Trust Co.*, 2018 WL 4732715, *4 (D. Mass. Sept. 13, 2018); *Bek v. Wells Fargo Home Mortgage*, 2018 WL 4292284, *6 (D. Mass. Sept. 7, 2018).

4

mortgage note never attached, or has been barred by bankruptcy or the statute of limitations.") (citations omitted); *Jeffrey v. Rosenfeld*, 179 Mass. 506, 509 (1901) ("At law and in equity the holder can enforce his remedy upon the mortgage independently of or concurrently with that on the note, and in some cases, at least, where he has lost his remedy upon the note."); *Thayer v. Mann*, 36 Mass. 535, 538 (1837) ("The creditor has a double remedy, one upon his deed, to recover the land, another upon the note, to recover a judgment and execution for the debt, and it does not follow that he cannot recover on one, although there may be some technical objection or difficulty to his recovery upon the other.").[7] These pronouncements from the SJC are unambiguous – the mere inability to collect on a note due to the expiration of a statute of limitations does not affect the enforceability of a mortgage so long as the debt remains unpaid. The Court cannot discern (nor has the Debtor cited) any subsequent ruling from the SJC indicating an abandonment of this straightforward principle. Accordingly, the Defendants' request for judgment as to Count II will be granted.

As for the Defendants' urging this Court to issue an order to show cause why the Debtor should not be sanctioned for refusing to voluntarily dismiss Count II with prejudice, that request must be denied. It is axiomatic that, given the seriousness of an imposition of sanctions under Fed. R. Bankr. P. 9011, strict compliance with that rule is required. A request for sanctions must "be made separately from other motions or requests" and "may not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged . . . claim . . . is not withdrawn or appropriately corrected . . . ." Fed. R. Bankr. P. 9011(c)(1)(A). Having failed to comply, the Defendants seek an end run around these procedural requirements by inviting the

---

[7] *See also Junior v. Wells Fargo Bank, N.A.*, 2017 WL 1199768, *2 (D. Mass. March 30, 2017); *Harrington v. Cenlar FSB*, 2018 WL 1724988, *2 (Mass. Land Ct. April 6, 2018).

Court to exercise its *sua sponte* powers under Rule 9011(c)(1)(B), an invitation which this Court declines.

A separate order and partial judgment in conformity with this Memorandum will issue forthwith.

DATED: March 5, 2019

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge